JESÚS STELLA RODRÍGUEZ, SUBSTITUTED BY HIS HEIRS, Plaintiffs and Appellees, *v.* JORGE BLASINI FLASH, SUBSTITUTED BY HIS HEIRS, Defendants and Appellees.

No. 9148.   Argued May 7, 1945.—Decided November 13, 1945.

*Leopoldo Tormes García* for appellants.   *Raúl Matos* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Jesús Stella and Jorge Blasini were co-owners of the estate "Santa Elena" situated in Guayanilla.   They agreed to partition the common property and by deed of July 30, 1937, they divided the estate into three parcels which they designated as "Blasini No. 1," "Stella No. 2," and "Blasini No. 3."   Stella was awarded the parcel bearing his name and Blasini the remaining two.   Parcel Stella No. 2 is crossed by a road known as "Callejón de La Bomba" which runs

from the Yauco–Guayanilla Highway to the estates of Blasini. Since the latter continued to use, after the division of the property, the road in connection with the estates which he had north and east of the parcel Stella No. 2, Jesús Stella brought an action of denial of servitude against him in order to prevent his use of "Callejón La Bomba." The District Court of Ponce dismissed the complaint and this court affirmed the judgment on the ground that said alley was a road used by the public from time immemorial and that Blasini, as well as any other person, had a right to use it. *Stella v. Blasini*, 61 P.R.R. 360. As a result of this judgment on February 3, 1944, Stella brought an action against the Heirs of Blasini. After referring to the action of denial of servitude, it was alleged in the complaint that in the deed of partition no mention was made of the existence of said servitude, but on the contrary, that the description of the parcel Stella No. 2 tended to show that the land occupied by Callejón de La Bomba" was part of said parcel; that by reason of said judgment the plaintiff, who later was substituted by his heirs, had been deprived of the land occupied by the road having an area of 99 hundredths of an acre (*cuerda*); that Parcel 2, instead of being bounded on the south by parcel Blasini No. 1, as it appeared from the deed of partition of property, is now bounded, by virtue of the judgment, by a public road known as "La Bomba"; that the land occupied by the road is worth $1,000, and that the plaintiff had to spend $800 in the stenographic record, compensation for witnesses, attorney's fees and internal revenue stamps, in the defense of the property of 99 hundredths of an acre in the action of denial of servitude; and lastly it was alleged that the defendants had not paid said amounts in whole or in part. Based on those allegations, prayer was made for a judgment ordering the defendants to pay *in solidum* the amount of $1,800, that is, $1,000 for the value of the land occupied by the road, plus $800 for expenses of deeds, and the costs, disbursements, and attorney's fees.

The defendants set up, among others, the defenses of insufficiency of facts to constitute a cause of action and of *res judicata*. The lower court sustained both defenses.

■ In *Stella* v. *Blasini*, *supra*, an action of denial of servitude, we held that the road "La Bomba" existed in the "Santa Elena" estate from time immemorial, and that when the deed of partition of property was executed no mention was made of the road, nor was it set forth that it constituted a servitude, for which reason it should be considered as constituting a servitude of right of way, parcel No. 2 being the servient tenement. Section 477 of the Civil Code. *Stella* v. *Blasini*, *supra*; *McCormick* v. *Vallés*, 55 P.R.R. 219, and *Illanas* v. *González*, 51 P.R.R. 779.

But since the servitude of right of way is discontinuous and aparent, Civil Code, § 468, the defendants invoke § 1372 of the Civil Code which provides:

"If the estate sold should be encumbered by any nonapparent burden or easement, not mentioned in the instrument, of such a nature that it must be presumed that the vendee would not have acquired it had he been aware thereof, he may request the rescission of the contract, unless he should prefer the proper indemnity."

There is no doubt that Stella, as co-owner of the "Santa Elena" estate, knew of the existence of the road designated as "Callejón La Bomba" and, consequently, § 1372 of the Civil Code is applicable, but *a contrario sensu* it precludes him from claiming the warranty against eviction. To this end Manresa says:

"On the contrary, if the purchaser knew of the encumbrance, although it were not recorded in the registry of property, and that is shown by the vendor, in our opinion the former can not bring any of the actions authorized by § 1483, for it can not be said that an error was committed. This construction, far from conflicting, agrees with the terms of § 1483, which, because of its language (it should be presumed that the purchaser would not have acquired it *had he known of the encumbrance*) clearly reveals that the whole provision starts from the premise that the purchaser had no knowl-

edge of the encumbrance, and it follows therefrom that once said knowledge exists, the reason for the law fails." Vol. 10, p. 203, *Comentarios al Código Civil.*

As the appellants are not entitled to the warranty, they can not claim the value of the land occupied by the road, and, naturally, they cannot claim either the $800 which they alleged we're spent in the action of denial of servitude wherein they defended their absolute title to this land, since their right to this claim, assuming they had such right, would depend, naturally, on whether plaintiff was entitled to claim the value of the land occupied by the road. But not being able to claim, as in effect he could not, the value of said land, he was not entitled either to reimbursement of those expenses.

Since the complaint did not state facts sufficient to consitute a cause of action, it is unnecessary to pass on the plea of *res judicata.*

█ The plea of estoppel set up by the plaintiff does not lie. Since the servitude is apparent, the fact that it was not mentioned in the deed does not preclude the vendor from invoking § 1372 of the Civil Code.

This appeal not being frivolous, the motion for dismissal will be denied. Passing now on the merits of the case, the judgment appealed from is affirmed and, since the trial judge did not err in adjudging the appellees to pay the costs, and attorney's fees in the amount of $300, the order approving the memorandum of costs is also affirmed.